LOTT, Justice, concurred; BROWN, Justice, dissented.

---

## NEW YORK SUPERIOR COURT.

### In the Matter of ISRAEL KAHN.

A person residing in the city of New York, and *taxed upon his personal property,* may be punished as *for a contempt,* on account of his *neglect to pay it.*

Where the *commitment* specified and declared that the court of common pleas " has adjudged that said Israel Kahn is guilty of the miscondust herein specified, to wit, the neglect by him, said Kahn, to pay the personal tax assessed, imposed and confirmed against him for the year 1859, and that he stand committed to the jail of the city and county of New York, there to remain charged upon the said misconduct until he shall have paid said tax " (stating the amount); *held,* that the *contempt* was *specially* and *plainly* charged in the commitment pursuant to the statute.

The court of common pleas of the city and county of New York have *authority,* under the statutes, to commit for such contempt; and no court or officer who is forbidden by law to review the accuracy of the decisions of the common pleas, on a proceeding by *habeas corpus,* can discharge the individual in contempt from custody.

*New York Special Term, September,* 1860.

HABEAS CORPUS to discharge from custody said Israel

Kahn, committed for contempt for the non-payment of personal taxes.

TOWNSHEND *and* LEVINGER, *for Kahn.*
HENRY MORRISON, *for tax receiver.*

BOSWORTH, Ch. Justice. Israel Kahn has been brought before me on a *habeas corpus*, and the sheriff of New York, in whose custody he is, returns that he detains him by virtue of a writ or process of commitment, issued by the New York common pleas, which he produces, and a copy of which is made part of his return. It is insisted that this writ is void on its face. The writ is in the name of the people of the state; it is tested in the name of the first judge of the court, is sealed with the seal, and purports to be issued by order of the court, and is signed by its clerk.

The writ recites that the court of common pleas, on the 21st of Sept., 1860, in the matter of the application of James Kelly, receiver of taxes in the city of New York, as applicant, and Israel Kahn, as respondent, "to enforce payment of the personal tax assessed and confirmed against" the said Israel Kahn, for the year 1859, "by reason of the matter alleged in the application of the said James Kelly, receiver, as aforesaid, duly verified, as well as by reason of the failure of the said Israel Kahn to show the court satisfactory and sufficient reason as defence or excuse of the matters alleged in said application" adjudged said Kahn guilty of the misconduct in said application alleged, to wit, "the neglect by him, said respondent, to pay the personal tax assessed, imposed and confirmed against him for the year 1859;" that this misconduct prejudiced, &c., the rights of said applicant; that Kahn stand committed to jail upon said misconduct, there to remain until he paid said tax, being $98.41, and the costs and expenses of said proceeding being $26.30, in all $124.71, and that a warrant issue for that purpose. The writ then requires the sheriff to

Matter of Israel Kahn.

arrest and detain Kahn in jail, until he pays the $124.71, and the sheriff's fees on such writ, or until the said court of common pleas makes an order to the contrary.

The Revised Statutes (2 *R. S.*, 567, §§ 41, 56), declares that it shall be the duty of the court or officer, before whom a party shall be brought on *habeas corpus*, forthwith to remand such party, if it shall appear that he is detained in custody (among other enumerated causes) "for any contempt specially and plainly charged in the commitment, by some court, officer or body having authority to commit for the contempt so charged, and that the time during which such party may be legally detained has not yet expired."

The questions therefore are, *first*, can a person assessed or taxed by reason of his personal property be committed as for a contempt, on account of his neglect to pay such tax; and, *second*, is such a contempt specially and plainly charged in the commitment in question; and, *third*, has the said court of common pleas authority to commit for such a contempt.

The act of April 12, 1842 (*chap.* 318), declares that "the neglect or refusal to pay such a tax according to the law shall be held and deemed to be *a neglect or violation of duty or misconduct*, within the provisions of title 13, of chap. 8, of part 3, of the Revised Statutes."

That title declares that "every court of record shall have power to punish, by fine and imprisonment, or either, any neglect or violation of duty, or any misconduct, by which the rights or remedies of a party in a cause or matter depending in such court may be defeated, impaired, impeded or prejudiced" in the cases enumerated in that title.

The act of 1842 (*supra*), therefore makes the neglect to pay a personal tax a misconduct or violation of duty, which may in some cases be punished by fine and imprisonment, or either.

The act of April 18, 1843 (*chap.* 23), entitled "an act for the collection of taxes in the city of New York," provides (*p.* 320, § 12) that "in case of the refusal or neglect of any person to pay any tax imposed on him for personal property," the receiver of taxes in the city of New York, when such a state of facts exists as that section specifies, may "make application, within one year, to the court of common pleas of the county, or to the supreme court, to enforce payment of such tax." Section thirteen of the same act declares that "the court may impose a fine for the misconduct    *    *    * sufficient in amount for the payment of the tax assessed, and of the costs and expenses of the proceedings authorized by this act to enforce such payment, or punish such misconduct," &c., &c.

It follows, that a person residing in the city of New York, and taxed upon his personal property, may be punished as for a contempt, on account of his neglect to pay it. Whether, in this case, the decision was right or wrong upon the merits, I cannot inquire. If the commitment specially and plainly charges a contempt for misconduct of this character, and shows that the court of common pleas of this county has adjudged that the said Kahn be committed for it, the statute makes the remanding of Kahn an imperative duty.

The commitment specifies and declares that the court of common pleas has "adjudged" that said Israel Kahn is "guilty of the misconduct" therein specified, to wit, "the neglect by him," said Kahn, "to pay the personal tax assessed, imposed and confirmed against him for the year 1859," and that he "stand committed to the jail of the city and county of New York, there to remain charged upon the said misconduct until he shall have paid" said tax, being $98.41, and the costs and expenses of the proceedings, being $26.30, and that a warrant issue for that purpose.

Whatever of informality there may be in the language of the commitment, it is specially and plainly charged in

the commitment that the common pleas has adjudged him guilty of the misconduct defined by the statutes of 1842 and 1843, and has also adjudged that he be imprisoned until he pay two specified sums, and that a warrant issue to carry such adjudication into effect.

The court of common pleas must, therefore, be regarded as having disposed of every question affecting the merits of the proceeding, as it has made a final determination that the neglect of Kahn to pay his personal tax was a misconduct within the meaning of these statutes, and was unexcused.

To this view there is no answer, except such as is found in the argument that the act of 1842 is, as to the county of New York, repealed by the act of 1843.

Section one of article four, of the act of 1843 (*p.* 328), declares certain provisions of the Revised Statutes inapplicable to the city and county of New York; and § 2 (*p.* 328) repeals all acts inconsistent with the act of 1843.

The act of April 12, 1842 (*chap.* 318) is no part of the Revised Statutes, and no part of it is inconsistent with the act of 1843 (*chap.* 230), except that by the act of 1842, the application to the court to enforce payment of a personal tax is to be made by an "assessor," whereas by the act of 1843, it is to be made in the city of New York, by the receiver of taxes.

The part of section two of the act of 1842, above quoted, is general, and applies to the whole state; and if not inconsistent with the act of 1843, is not repealed by it.

Instead of being necessarily inconsistent with the act of 1843, the existence of its provisions seems to be essential to clear authority in the common pleas to commit a party to jail for such misconduct as is charged in this case. For it must be observed that sections 12 and 13 of the act of 1843 (*p.* 320), do not in terms confer any power to punish, nor prescribe how the fine that may be imposed is to be collected.

I deem it quite clear, therefore, that no court or officer who is forbidden by law to review the accuracy of the decision of the common pleas, on a proceeding by *habeas corpus*, can discharge Mr. Kahn from custody. Sitting as an officer, having only such powers as were formerly exercised by a supreme court commissioner, the statute is imperative that I must remand the prisoner to the custody of the sheriff, as it appears by the return of that officer, that he detains him in custody by virtue of a writ of commitment from the court of common pleas of this city and county, for a contempt (within the meaning of the word contempt as used in the statute), specially and plainly charged, by a court having authority to commit for the contempt so charged.

A contempt within the meaning of that word, as used in this statute, embraces all kinds of misconduct which, under title 13 of chap. 8, part 3 of the Revised Statutes, may be punished by fine and imprisonment.

Section 2 of the act of 1842, declares that the neglect or refusal to pay a personal tax, according to law, shall be held and deemed to be misconduct within the meaning of said 13th title, and that such misconduct may be punished in the same manner and with like authority as provided in that title.

The petitioner must, therefore, be remanded to the custody of the sheriff.